————O————

## 5583.

(Court of Appeal, Parish of Orleans.)

### E. A. ZATARIN & SONS vs. FRED GOEBEL.

1. Article 2535 (2513) R. C. C. fixes the prescription of the redhibition of animals within two months after date of sale thereof

2. Articles 2534, 2545 and 2546, R. C. C., establishing a prescription for one year from date of sale or from discovery of the vice, according to circumstances, refer exclusively to redhibitory actions other than as to sales of animals.

Appeal from the Civil District Court, Division "E."

R. G. Westfeldt, Jr., for plaintiff and appellant.

J. W. Carey, for defendant and appellee.

DUFOUR, J.—The plaintiff's in a petition filed in February, 1912, allege that on or abut June 9th, 1911 they gave to the defendant one mare valued at $60.00 and $107.50 in money for a horse which the latter guaranteed to be sound but which was shortly afterwards ascertained to be unsound.

Further alleging that the seller had knowledge of the vice and neglected to declare it to the purchaser, plaintiffs claim the return of the price paid, the value of the horse given in exchange and the cost of feeding the animal and of veterinary fees for its examination.

The defendant tendered a plea of prescription of two months under Art. 2535 R. C. C., (2315) which provides that the redhibition of animals can only be sued for within two months following the sale.

From judgment sustaining this plea, the plaintiffs have appealed.

They urge here that the lower Court erroneously applied to this case Art.. 2535 (2313) R. C. C., and that the law applicable herein is to be found in Arts. 2545 and 2546 R. C. C. under the heading "of the vices of the things sold which the seller has concealed from the buyer."

These articles are substantially to the effect that the seller who knows the vices of the thing sold and omits to declare it is answerable to the buyer for restitution of the price, repayment of expenses and damages, and that the action in damages may be brought at any time within a year after discovery of the vice.

It is urged that the knowledge of the seller that the horse was unsound when he warranted its soundness brings the case under the prescription of one year of

Arts. 3536 R. C. C. for damages caused by animals.

Art. 2534 R. C. C. (2512), immediately preceding that on the redhibition of animals, provides that the redhibitory action must be instituted within a year from the date of sale, but that the limitation does not apply where the seller had knowledge of the vice and did not declare it to the buyer.

In the only case, so far as we know, in our reports bearing directly on this point, the Supreme Court said:

"The prescription of two months and also on one year is plead by defendant. Article 2513 of the Code, amended by the statute of 1828, declares that all suits for the redhibitory defects of animals may be instituted within two months after the date of the sale thereof, any law to the contrary notwithstanding. The limitation in the second clause of Art. 2512 of the Code does not apply to the redhibitory action for relative or absolute vices in animals. This article declares that 'the redhibitory action must be instituted within one year at the farthest, commencing from the date of sale. This limitation does not apply where the seller had knowledge of the vice and neglected to declare it to the purchaser.' Art. 2512 applies the limitation to the redhibitory action which must be instituted within one year, and Art. 2513 fixes the prescription of the redhibition of animals within two months after the date of sale thereof." **Lutz vs. Forbes, 13 An., 609.**

The Court then went on to declare that the prescription of two months did not apply because the character stamped upon the action by the pleadings showed it to be one in tort under Arts 2294, 2295, 2296 and 3501, old Code.

We understand that decision to mean that the only ar-

ticle applicable to the redhibition of animals is Art. 2535 R. C. C. (2513) which restricts the right to demand it to two months from date of sale, and that all redhibitory action other than as to animals may be demanded one year from date of sale. It is apparent that, in the nature of things, the lawmaker saw a reason for a short prescription as to vices of animals, not existing in other things.

Though Articles 2545 and 2546 R. C. C. (old Code 2523 and 2524) are not mentioned in the decision cited, though in force at the time, it is quite clear that by parety of reasoning, they are equally inapplicable to animals.

They merely allow damages against the seller with knowledge who conceals the vices and make the prescription under these circumstances run from the discovery of the vice instead of from date of sale. The knowledge of the seller and ignorance of the purchaser are not factors effecting the prescription of the redhibition pure and simple of animals.

The damages in this case are inseparable from the action of redhibition and fall with it; if plaintiffs cannot annul the sale, it subsists as a legal one, and they cannot recover the price of sale or the cost of feeding and caring for an animal which was legally theirs.

We are not now expressing any opinion as to whether or not an action for a quasi offense would lie, but, merely deciding the issue of redhibition.

Judgment affirmed.

St. Paul, J., dissents.